LORENZO MORTON *vs.* SYLVESTER DRESSER.

An action for entering the plaintiff's close, in which the defendant justified under a contract authorizing him to enter a limited part of the close, was referred to arbitrators, who found that the place entered was not within the limits fixed by the contract, and stated in their award what in their opinion those limits were. *Held,* that this statement was in excess of their authority, and was not evidence in a subsequent action against the same defendant for entering a different part of the plaintiff's close.

TORT for breaking and entering the plaintiff's close in Southbridge and taking clay and sand therefrom. Writ dated October 27, 1870. The defendant justified under a contract between him and the plaintiff.

At the trial in the superior court, before *Dewey*, J., it appeared that, between November 1, 1868, and the date of the writ, the defendant at different times entered a certain part of the plaintiff's land and took clay and sand therefrom. The contract under which the defendant justified was put in evidence, and it appeared thereby that the defendant was authorized to enter upon a certain limited part of the close and take clay and sand from it.

It also appeared that the plaintiff sued the defendant on October 19, 1868, in an action of tort for breaking and entering his said close and taking clay and sand therefrom ; that the defendant justified under the said contract ; and that the case was referred by a rule of court to arbitrators, who found by their award that the place where the trespass was committed was not within the limits contemplated by the contract, and went on to define what in their judgment those limits were.

It further appeared that the place where the former trespass was committed was totally distinct from that in which the alleged trespasses, which were the subject of the present action, were committed ; and that these latter were committed in a place which was outside the limits declared by the arbitrators to be the limits fixed by the contract.

Upon this evidence the plaintiff contended that he was entitled to a verdict. The defendant contended that he had a right to prove that the place where the acts alleged in this action to be trespasses were committed was within the limits fixed by the contract. The judge, at the request of the parties, reported the case for the determination of this court ; if the evidence offered by the defendant was material and competent, the case to stand for trial ; if the evidence offered by the defendant was incompetent, and the plaintiff was entitled to recover, then judgment to be entered for the plaintiff, and an assessor appointed to assess the damages.

*F. A. Gaskill*, for the plaintiff.

*P. E. Aldrich & A. J. Bartholomew*, for the defendant.

BY THE COURT. The arbitrators had no authority to pass upon the construction of the contract as to any part of the close, except the part where the trespass was committed for which they

awarded damages. The defendant in this case should therefore have been permitted to justify under the contract.

*Case to stand for trial*